IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
FIROOZ GHASSABIAN,                               :
                                                 :
                           Petitioner,           :
                                                 :
       - against -                               :
                                                 :
FATOLLAH HEMATIAN, BEHDAD                        :
HEMATIAN, HERTSEL AKHAVAN,                       :     ECF Case
and CLASSICOM, L.L.C., a limited                 :
liability company organized under the            :     Civil Case No. 08-CIV-4400 (SAS)
Laws of the State of Delaware,                   :
                                                 :
                           Respondents.          :
                                                 :
IN THE MATTER OF THE                             :
ARBITRATION BETWEEN                              :
                                                 :
FATOLLAH HEMATIAN, BEHDAD                        :
HEMATIAN, HERTSEL AKHAVAN                        :
and CLASSICOM L.L.C.,                            :
                                                 :
                           Claimants,            :
                                                 :
       v.                                        :
                                                 :
FIROOZ GHASSABIAN,                               :
                                                 :
                           Respondent.           :
------------------------------------------------------------ X

**DECLARATION IN SUPPORT OF MOTION TO DISMISS**

      HERTSEL AKHAVAN, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

      1.    I am one of the Respondents in the instant action.

      2.    I submit this Declaration in support of Respondents' Motion to Dismiss.

3. I, along with Fatollah Hematian ("Effy") and Behdad Hematian (collectively, the "Individual Respondents"), and Petitioner agreed upon the terms of the joint venture which included the formation of Classicom, L.L.C. ("Classicom"), a new limited liability company that was to be owned 50% by Petitioner and 50% by the Individual Respondents.

4. The terms of the joint venture agreed upon by the parties are memorialized in two agreements, the Classicom Operating Agreement ("Operating Agreement") and a joint venture agreement (the "Enterprise Agreement") (true and accurate copies of the Operating Agreement and Enterprise Agreement (collectively referred to as the "Agreements") are attached to the Declaration of Hilton Soniker as Exhibit A and Exhibit B, respectively).

5. The Agreements provided for the Individual Respondents to contribute $1,000,000 to Classicom's capital in exchange for their 50% interest in Classicom.

6. The Agreements provided for Petitioner to assign to Classicom certain existing patents for the Invention and all derivations thereof in exchange for Petitioner's 50% interest in Classicom.

7. Neither I nor any of the other Individual Respondents would have agreed to pay $1,000,000 for the 50% interest in Classicom if Petitioner had not agreed to assign the patents for the Invention and all derivations to Classicom.

8. The Agreements provide "all disputes regarding any matter related to any of the provisions of this Agreement, or the interpretation of any of its provisions, shall be resolved by arbitration."

9. Since Petitioner and Effy are members of the Mashadi Jewish community, both having originally emigrated from the same Mashadi community in Iran, it was agreed that the

arbitrators of any disputes would be individuals who are respected members and leaders of the Mashadi Jewish community living in New York.

10. In this regard, the parties identified Abdolrahim Etessami, Abdolrahim Zar and Nassim Bassalian as arbitrators. All of these individuals are respected members and leaders of the Mashadi Jewish community.

11. The parties never agreed that the arbitrators' decision had to be unanimous, and consequently, the Agreements do not provide for the unanimous decision of the arbitrators.

12. In identifying the three arbitrators, I never intended that these three individuals could be the only members of the Mashadi Jewish community who could serve as arbitrators; rather it was my intention that these individuals or other respected leaders of our community should arbitrate any dispute that may arise. If any one of the three named arbitrators is not available to serve, the remaining two arbitrators should serve, or if the parties agree, a replacement could be named.

13. It was always my intention that disputes between the parties would be settled by arbitration before arbitrators who are members of the Mashadi Jewish community.

Dated:   June 18, 2008
         New York, New York

                                                  Respectfully submitted,

                                                  /s/ Hertsel Akhavan
                                                  Hertsel Akhavan

Z:\K&S\Classicom\Federal Action\Akhavan Declaration in Support of Motion to Dismiss.doc