UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| FIROOZ GHASSABIAN, : | |
| Petitioner | **PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO DISMISS PETITION**<br>ECF Case |
| - against - : | Civil Case No. 08-CIV-4400 |
| FATOLLAH HEMATIAN, BEHDAD HEMATIAN, HERTSEL AKHAVAN, and CLASSICOM, L.L.C., a limited liability company Organized under the Laws of the State of Delaware : | |
| Respondents | |
| IN THE MATTER OF THE ARBITRATION BETWEEN : | |
| FATOLLAH HEMATIAN BEHDAD HEMATIAN HERTSEL AKHAVAN and CLASSICOM L.L.C., : | |
| Claimants<br>*v*. | |
| FIROOZ GHASSABIAN : | |
| Respondent | |

# **PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO DISMISS PETITION**

Jeffrey E. Michels, Esq.
ZELL, GOLDBERG LLC
350 Fifth Avenue, Suite 3304
New York, NY 10018
Telephone: (212) - 971-1349
Facsimile: (212) - 253-4030
jmichels@fandz.com

Of Counsel:   L. Marc Zell, Esq.

# PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO DISMISS PETITION

Petitioner, Firouz Ghassabian, by and through his counsel, Jeffrey E. Michels, L. Marc Zell (Of Counsel) and Zell Goldberg LLC, hereby submit this Opposition to Respondents' Motion to Dismiss Petition and respectfully refer the Court to the accompanying Memorandum of Law in Opposition to Respondents' Motion to Dismiss Petition as well as Petitioner's prior filings in this matter, including the Petition for Stay of Arbitration and Other Relief, the Declaration of Petitioner Firouz Ghassabian and the Declaration of Fereidoon Ghassabian attached to the Petition along with all exhibits attached to the said Declarations and Petition, and Petitioner's Memorandum of Law in Support of Petition for Stay of Arbitration and Other Relief.  Petitioner opposes Respondents' Motion to Dismiss Petition as follows:

1. Respondents have incorrectly characterized their motion as a Motion to Dismiss in that they are requesting alternative affirmative relief in the form of an order to compel arbitration before the two surviving arbitrators, Messrs. Etessami and Bessalian.  To the extent they are requesting affirmative relief from the Court, this portion of their Motion to Dismiss should be properly characterized as a cross-motion to compel arbitration and to appoint a replacement arbitrator.

2. Repsondents' have submitted supplemental declarations in support of their Motion to Dismiss.  As a result, the Court, if it wishes to consider such declarations should treat the subject Motion to Dismiss as a motion for summary judgment under Fed. R. Civ. P. 56 or otherwise disregard the supplemental declarations.

3. Respondents have misrepresented the purpose of the Petition for Stay of Arbitration and Other Relief by suggesting that Petitioner is challenging in these proceedings the validity and scope of the Parties' arbitration undertakings.

4. Petitioner does not contest here either the validity or the scope of the arbitration clauses in the 1999 Enterprise and Operating Agreements, but rather confirms the validity of those provisions and their applicability to the current dispute among the Parties.

5. The Petition does challenge the continued enforceability of the otherwise valid arbitration agreements due to *subsequently occurring events* not contemplated by the Parties at the time they entered into the arbitration agreements.

6. The Petition focuses on two such subsequent events:

    a. The death of Arbitrator Zar in 2004; and

    b. Substantive ex parte communications between the surviving arbitrators and some or all of the Respondents immediately prior to and after demand for arbitration was initially made by Respondents in or around January 2008.

    c. The foregoing substantive ex parte communications are further exacerbated by the subsequently information that the surviving arbitrators have close personal and business relationships with one or more of the Respondents.

7. Respondents claim that the pending Petition is barred by the 20-day "statute of limitations" set forth in New York CPLR 7503(c) is without merit inasmuch as this case arises under the New York Convention and the Convention Act, 9 U.S.C.§201 *et seq.*, and is governed strictly by federal law and not by New York state procedural laws. Moreover, because Petitioner does not challenge either the validity or scope of

       the arbitration undertakings here at issue, Section 7503(c), even if deemed applicable, would not bar Petitioner from seeking the relief requested in the Petition.

8. As a result of the subsequently occurring and unforeseen events referred to in Paragraph 6 above, the arbitration panel as currently composed is incomplete and the arbitrators therefore lack authority to continue with the arbitration proceedings, as demanded by Respondents.

9. Because the current arbitral panel is not fully staffed, the Court must either (a) stay arbitration permanently because the arbitration clauses, drafted by Respondents and their counsel, do not provide for or permit the appointment of a replacement arbitrator; or (b) appoint a neutral arbitrator (not from the Mashadi community) who is resident in New York and as a condition of that appointment require any partial or final award to be approved by a unanimous vote of the panel, assuming the surviving arbitrators are permitted to continue to serve on the panel.

10. The surviving arbitrators have violated the fundamental rules of fairness by conducting substantive ex parte negotiations with one or more of the Respondents and/or their representatives and by failing to disclose their personal and business relationship with the Respondents.  As a result, the surviving arbitrators (Messrs. Etessami and Bassalian) should be disqualified from serving.

11. This Court has subject matter jurisdiction under the Convention Act and 28 U.S.C.§1331 to adjudicate this controversy and to disqualify the surviving arbitrators even at this stage of the proceedings and prior to issuance of a final award inasmuch as the Court has implied authority under the Convention Act and the FAA

and inherent authority to protect the integrity of the arbitration process and to avoid undue delay and cost to the Parties.

12. The Court should exercise its authority as described in Paragraph 11 above to appoint a neutral panel of arbitrators (not selected from the Mashadi Jewish community of New York) to adjudicate this controversy, in the event the Court determines that it is empowered to do so in light of the language of the arbitration clauses drafted by Respondents and their counsel.

**WHEREFORE, this Honorable Court should deny Respondents Motion to Dismiss or Motion for Summary Judgment and deny Respondents' putative cross-motions to compel arbitration and other affirmative relief and grant redress as requested in the Petition to Stay Arbitration and Other Relief.**

_____
JEFFREY E. MICHELS, ESQ.
JM 2255
Zell Goldberg LLC
*Attorneys for Petitioner Firooz Ghassabian*
350 Fifth Avenue, Suite 3304
New York, New York 10118-0069
Telephone:  (212) 971-1349
Facsimile:   (212) 253-4030

L. MARC ZELL, ESQ.
*Of Counsel for Petitioner Firooz Ghassabian*

Date:  July 14, 2008