UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FIROOZ GHASSABIAN,

            Petitioner,

- against -

FATOLLAH HEMATIAN, BEHDAD
HEMATIAN, HERTSEL AKHAVAN,
and CLASSICOM LLC,

            Respondents.

------------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

08 Civ. 4400 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/08

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.   INTRODUCTION**

      Firooz Ghassabian – an Israeli inventor – brings this petition to stay arbitration under the New York Convention,[1] against his American business associates – Fatollah Hematian, Behdad Hematian, and Hertsel Akhavan – and against Classicom LLC – a limited liability company of which all other parties are members. Ghassabian alleges that arbitration initiated by respondents cannot

---

[1] United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), June 10, 1958, 21 U.S.T. 2518, 330 U.N.T.S. 2.

1

proceed under two contracts signed by all individual parties, as one of the three arbitrators expressly designated by the contracts has died and the respondents have had ex parte communications with the remaining two arbitrators.

Respondents now move to dismiss the petition based on lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Respondents assert both that petitioner's claims must be denied as a matter of law and that the statute of limitations to bring a petition to stay arbitration expired prior to initiation of this action. Because the petition fails to state a claim upon which relief can be granted, the petition is hereby dismissed.

## II.   FACTS[2]

Petitioner Firooz Ghassabian – a citizen of Israel – is the inventor of a wrist-mounted telephone device.[3] To facilitate commercialization of his invention, Ghassabian joined with three American investors – respondents Fatollah

---

[2]   The following allegations – taken from the Petition to Stay Arbitration and for Other Relief (the "Petition") – are accepted as true for purposes of this motion. The parties have submitted a number of declarations and exhibits in support of the pending motion. These facts may be considered for the purpose of determining whether this Court has subject matter jurisdiction over the dispute, *see Robinson v. Government of Malaysia*, 269 F.3d 133, 140-41 (2d Cir. 2001), but they cannot be considered on the issue of whether petitioner has stated a claim upon which relief may be granted. *See, e.g., Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 213-14 (2d Cir. 2003).

[3]   *See* Petition ¶¶ 4, 14.

Hematian, Behdad Hematian, and Hertsel Akhavan ("the investors") – to form an American limited liability company – respondent Classicom LLC.[4] The structure and operations of the LLC were memorialized in two contracts, both of which contained an arbitration clause.[5]

After a dispute arose between Ghassabian and the investors, the investors issued a written demand for arbitration to Ghassabian, a copy of which Ghassabian received in Israel on April 17, 2008.[6] On May 9, 2008 – twenty-two days later – Ghassabian filed the instant petition to stay arbitration based solely upon the New York Convention and its implementing statutes.[7]

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and

---

[4] See id. ¶¶ 5-8, 15, 17.

[5] See id. ¶¶ 13-14, 19, 22. The initial validity of the arbitration clause is undisputed. See id. ¶ 22.

[6] See id. ¶¶ 28, 30. The investors had attempted to submit an earlier demand for arbitration on January 10, 2008, but this first demand was abandoned "[f]or various reasons not germane here." Id. ¶ 29. Petitioner has conceded that the dispute respondents seek to arbitrate falls within the scope of the arbitration agreement. See Petitioner's Memorandum of Law in Opposition to Respondents' Motion To Dismiss Petition at 1.

[7] See Petition ¶¶ 1, 10.

plain statement of the claim showing that the pleader is entitled to relief.'"[8]  When deciding a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations contained in the [petition]"[9] and "draw all reasonable inferences in [petitioner's] favor."[10]  Although this Court must take the petitioner's allegations as true, "the claim may still fail as a matter of law . . . if the claim is not legally feasible."[11]

## IV.  DISCUSSION

By its express terms, the New York Convention applies only to "the recognition and enforcement of arbitral awards."[12]  The Supreme Court has stated

> The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements

---

[8]   *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

[9]   *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007).

[10]  *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[11]  *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006).

[12]  New York Convention art. I, § 1. *Accord International Shipping Co. v. Hyrdra Offshore, Inc.*, 875 F.2d 388, 391 n.5 (2d Cir. 1989).

to arbitrate are observed and arbitral awards are enforced in the signatory countries.[13]

In light of this limited purpose, it is not surprising that the New York Convention makes no mention of actions to restrain a pending or ongoing arbitration. Therefore, unlike New York State law,[14] the New York Convention does not create a cause of action to stay arbitration.[15]

Nor do federal statutes implementing the New York Convention create such a cause of action. Chapter two of the Federal Arbitration Act ("FAA") – the statutory provision implementing the New York Convention – is designed to enforce the treaty's limited purpose.[16] Power is expressly conferred on the federal

---

[13] *Scherk v. Alberto-Culver*, 417 U.S. 506, 520 (1974). *Accord Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 126 (2d Cir. 2007) (noting "'the strong public policy in favor of international arbitration'") (quoting *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005)).

[14] *See* N.Y. Civil Practice Law & Rules ("CPLR") § 7403(b)-(c).

[15] *See Republic of Ecuador v. ChevronTexaco Corp.*, 376 F. Supp. 2d 344, 348-49 (S.D.N.Y. 2005) (suggesting that the New York Convention might not provide independent authority to stay a pending arbitration). *Cf. International Shipping Co. v. Hydra Offshore, Inc.*, 675 F. Supp. 146, 153 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 388 (2d Cir. 1989) (stating that the district court does not have jurisdiction under the New York Convention to address an action that seeks neither "to compel arbitration nor to enforce an arbitral award").

[16] *See* 9 U.S.C. § 201. *See also Parsons & Whittemore Overseas Co. v. Société Générale de l'Industrie du Papier*, 508 F.2d 969, 973 (2d Cir. 1974) (describing chapter two of the FAA as "appl[ying] to the enforcement of foreign

courts to compel arbitration, to appoint arbitrators, or to confirm an arbitration award.[17] Given this enumerated list of judicial powers, according to the canon of statutory interpretation *expressio unius est exclusio alterius* ("the express mention of one thing excludes all others") it is unreasonable to infer the existence of further remedies.[18] Finally, the New York Convention incorporates chapter one of the FAA "to the extent that chapter is not in conflict with [chapter two] or the Convention as ratified by the United States."[19] Nevertheless, here too "the FAA does not provide for petitions . . . brought by the party seeking to stay arbitration."[20]

Thus neither the New York Convention nor federal law implementing it creates a cause of action allowing a petition to stay arbitration. As Ghassabian

---

awards").

[17]     *See* 9 U.S.C. §§ 206-207. *See also In re Arbitration between Oltchim, S.A. v. Velco Chemicals, Inc.*, 348 F. Supp. 2d 97, 100 (S.D.N.Y. 2004) (noting the court's power to confirm arbitration awards).

[18]     *Cf. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1992) ("Thus, the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983. *Expressio unius est exclusio alterius*.").

[19]     9 U.S.C. § 208.

[20]     *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003).

bases this petition solely on the New York Convention and its implementing statutes,[21] he has failed to state a claim upon which this Court may grant relief. Therefore his petition must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, respondents' motion to dismiss is granted. The Clerk of the Court is directed to close this motion (docket number 9). Under Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely granted when justice so requires." However, as petitioner's sole claim cannot provide him with the relief he seeks, leave to replead would be futile.[22] Therefore the Clerk of the Court is also directed to close this case.

---

[21] Although New York State law allows for such petitions, they are tightly constrained by a twenty-day statute of limitations following service of a notice of intent to arbitration. *See* N.Y. CPLR § 7403(b).

[22] *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) ("[L]eave to amend a complaint need not be granted when amendment would be futile.").

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          August 27, 2008

## - Appearances -

**For Petitioner:**

Jeffrey E. Michels, Esq.
ZELL GOLDBERG LLC
350 Fifth Avenue Suite 3304
New York, New York 10118
(212) 971-1349

**For Respondents:**

Hilton Soniker, Esq.
KAMERMAN, MEYROWITZ & SONIKER, P.C.
470 Park Avenue South, 12th Floor
New York, New York 10016
(212) 686-3300